# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

WORD APE, LLC d/b/a CHOMCHOM ROLLER,
          Plaintiff,

v.

ONTEL PRODUCTS CORPORATION and LING FUNG TRADING, LTD.,
          Defendants.

Case No.: 2:21-cv-14431-MCA-MAH

Hon. Madeline C. Arleo
Hon. Michael A. Hammer

## DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT, COUNTERCLAIMS, AND RELIANCE ON JURY DEMAND

Pursuant to Rule 8 and 15(a)(1) of the Federal Rules of Civil Procedure, Defendants Ontel Products Corporation and Ling Fung Trading, Ltd.[1] (herein, collectively "Ontel"), by and through their attorneys of record, Dickinson Wright PLLC, respectfully submit the following First Amended Answer and Affirmative Defenses to the Complaint for Patent Infringement (Dkt. #1, "Complaint") of Plaintiff Word Ape, LLC's d/b/a ChomChom Roller, ("ChomChom"). Unless expressly admitted herein, Defendants deny the allegations and characterizations set forth in Plaintiff's Complaint.

## JURISDICTION AND VENUE

1. This action arises under the patent laws (35 U.S.C. §§ 271, 281, and 289). Original jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent matters).

---

[1] Plaintiff's Complaint (Dkt. #1) mistakenly spells Ask New Jersey LLC's d/b/a as Ling "Fun" Trading, Ltd. when in actuality Ask New Jersey LLC's d/b/a is Ling Fung Trading, Ltd. The correct entity name is used herein and, for the purposes of responding to Plaintiff's allegations, each of the Complaint's references to Ling Fun Trading, Ltd. are treated as references to Ling Fung Trading, Ltd.

**ANSWER:**

Admitted.

2.     This Court properly exercises personal jurisdiction over Defendants because Defendants have their primary offices in this state, have done and continues to do business in New Jersey, and have engaged in the accused acts of patent infringement in this jurisdiction and is, therefore, subject to the jurisdiction of this Court.

**ANSWER:**

For purposes of this case only, Ontel does not dispute that this Court has personal jurisdiction over Ontel Products Corporation. . Ontel, however, denies liability as to Plaintiff's claims and denies that it has committed acts of patent infringement in this jurisdiction.

3.     Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391 and§ 1400(b).

**ANSWER:**

Admitted.

## PARTIES

4.     ChomChom is a corporation organized and existing under the laws of the State of Washington and having its headquarters at 1 Lake Bellevue Drive, Suite 208, Bellevue, Washington 98005.

**ANSWER:**

Ontel lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis denies them.

5.     Ontel is a corporation organized under the laws of the State of New Jersey and has an office address of 21 Law Drive, Fairfield, New Jersey 07004.

**ANSWER:**

Admitted.

6.    Ling Fun is a corporation organized under the laws of New Jersey and has an office address of Unit 402, 4701 North Meridian, Miami Beach, FL 33140.

**ANSWER:**

Denied.

## BACKGROUND

7.    U.S. Patent No. 8,117,706 ("the '706 Patent"), titled "Manual Cleaning Instrument," was filed on March 3, 2009, and issued on February 21, 2012. A true and accurate copy of the '706 Patent is attached hereto as Exhibit 1.

**ANSWER:**

Ontel admits that Exhibit 1 includes a copy of U.S. Patent No. 8,117,706, which on its face sets forth a filing date of March 3, 2009 and an issue date of February 21, 2012. Ontel lacks knowledge or information sufficient to form a belief about the truth of the other allegations contained in this paragraph, and on that basis denies them.

8.    Plaintiff is the exclusive licensee to the '706 Patent with the right to enforce this patent in court and to recover damages for all infringement of any claim of the '706 Patent.

**ANSWER:**

Ontel lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis denies them.

9.    Plaintiff has not licensed or otherwise authorized either Ontel or Ling Fun to make, sell, or offer for sale any product under the '706 Patent.

3

**ANSWER:**

Ontel admits that it has not entered a license agreement with Plaintiff in connection with U.S. Patent No. 8,117,706. Ontel lacks knowledge or information sufficient to form a belief about the truth of the other allegations contained in this paragraph, and on that basis denies them.

10.     Plaintiff makes and sells devices that embody one or more claims of the '706 Patent under the name CHOMCHOM ROLLER®. Plaintiff sells this product through *inter alia,* its website *(https:llwww.chomchomroller.com/)* and through the Marketplace at Amazon.com.

**ANSWER:**

Ontel lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis denies them.

11.     Plaintiff has constructively notified others of its patent rights by listing the '706 Patent number on Plaintiff's website (<chomchomroller.com>) where its patented product is sold. Plaintiff prominently displays its website URL on its product packaging.

**ANSWER:**

Ontel lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and on that basis denies them.

## CLAIM FOR RELIEF [Patent Infringement]

12.     Defendants have infringed and continue to infringe, pursuant to 35 U.S.C. § 271, one or more claims of the '706 Patent by making, using, selling, offering to sell, and importing into the United States and this judicial district at least one product covered by one or more of the claims of the '706 Patent.

**ANSWER:**

Denied.

13.    One such product is called the "FurDaddy Sonic Pet Hair Remover" ("FurDaddy product"). The bottom of the box for this product includes language indicating that this product is distributed by Ontel Products Corporation at 21 Law Drive, Fairfield, New Jersey 07004.

**ANSWER:**

Ontel admits that certain packaging used in connection with certain versions of the Fur Daddy Sonic Pet Hair Remover product includes language indicating that it is distributed by Ontel Products Corporation. Ontel denies the other allegations contained in this paragraph and the implications thereof—namely, that there is only a single version of the FurDaddy Sonic Pet Hair Remover product and that any version of the FurDaddy Sonic Pet Hair Remover product infringes one or more claims of U.S. Patent No. 8,117,706.

14.    Ling Fun is the owner of U.S. Trademark Application Serial No. 88/845,671 for the mark FURDADDY for "Lint removers and pet hair removers."

**ANSWER:**

Admitted.

15.    On information and belief, Ling Fun imports the FurDaddy product for distribution by Ontel.

**ANSWER:**

Denied.

16.    The FurDaddy product infringes at least claims 1 and 2 of the '706 Patent as shown in the claim chart attached hereto as Exhibit 2.

**ANSWER:**

Denied.

17.    Defendants were sent a letter dated January 5, 2021, notifying them of infringement of the '706 Patent by the FurDaddy product. In a letter dated January 7, 2021, Defendants, through their counsel, denied infringement.

**ANSWER:**

Ontel admits that it received a letter dated January 5, 2021 alleging infringement of U.S. Patent No. 8,117,706 and that it responded, through its counsel, in a letter dated January 7, 2021. Ontel denies any additional allegation either contained in or implied by this paragraph.

18.    Defendants' acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

**ANSWER:**

Denied.

19.    As a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement of the '706 Patent.

**ANSWER:**

Denied.

20.    One or more of Defendants' acts of infringement were made with knowledge of the '706 Patent. Such acts constitute willful infringement; make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285, and entitle Plaintiff to enhanced damages and an award of its reasonable attorney fees.

**ANSWER:**

Denied.

## [PLAINTIFF'S] REQUESTED RELIEF

Ontel denies that Plaintiff is entitled to any relief and denies each of the allegations, averments, and other assertions contained in Paragraphs A through F of [Plaintiff's] Requested Relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Ontel denies any allegations in the Complaint not specifically admitted above and hereby asserts the following defenses and affirmative defenses. Ontel reserves the right to amend its Answer to add additional defenses, which may potentially include allegations of inequitable conduct, consistent with the facts discovered during the course of this case.

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE
### (NON-INFRINGEMENT OF U.S. PATENT NO. 8,117,706)

Ontel has not infringed any valid and enforceable claim of U.S. Patent No. 8,117,706.

### THIRD DEFENSE
### (INVALIDITY OF U.S. PATENT NO. 8,117,706)

The claims of U.S. Patent No. 8,117,706 are invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH DEFENSE
### (LIMITATION ON DAMAGES UNDER 35 U.S.C. §§ 286 AND 287)

Plaintiff's claims for damages are limited, in whole or in part, under 35 U.S.C. § 286 and 35 U.S.C. § 287.

### FIFTH DEFENSE
### (PROSECUTION DISCLAIMER AND PROSECUTION HISTORY ESTOPPEL)

Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of prosecution disclaimer and prosecution history estoppel.

## SIXTH DEFENSE
## (EQUITABLE DOCTRINES INCLUDING ESTOPPEL, WAIVER, AND ACQUIESCENCE)

Plaintiff's claims are barred, in whole or in part, by operation of one or more equitable doctrines, including, but not limited to, estoppel, waiver, and/or acquiescence.

## SEVENTH DEFENSE
## (LICENSE AND EXHAUSTION)

Plaintiff's claims are barred or limited, in whole or in part, as the result of license, exhaustion, or otherwise authorized use.

## EIGHTH DEFENSE
## (INTERVENING RIGHTS)

Plaintiff's claims are barred, in whole or in part, by the doctrine of intervening rights.

## NINTH DEFENSE
## (LACK OF IRREPARABLE HARM)

Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Ontel's actions.

## TENTH DEFENSE
## (ADEQUATE REMEDY AT LAW)

Any alleged injury suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and are not entitled to seek equitable relief.

## ELEVENTH DEFENSE
## (NO DAMAGE)

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any alleged act by Ontel set forth in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## DEFENDANT ONTEL PRODUCTS CORPORATION'S AMENDED COUNTERCLAIMS

Without admitting any of Plaintiff Word Ape, LLC's d/b/a ChomChom Roller, ("ChomChom") allegations above, and without prejudice to pleading further counterclaims as the facts may warrant, Counterclaim-Plaintiff Ontel Products Corporation ("Ontel") hereby asserts the following Counterclaims against Counterclaim-Defendant ChomChom:

## PARTIES

1.      Ontel is a corporation organized under the laws of the State of New Jersey and maintains a principal place of business at 21 Law Drive, Fairfield, New Jersey 07004.

2.      On information and belief, ChomChom is a corporation organized and existing under the laws of the State of Washington and having its headquarters at 1 Lake Bellevue Drive, Suite 208, Bellevue, Washington 98005.

## JURISDICTION AND VENUE

3.      ChomChom has submitted itself to this Court's jurisdiction by alleging, in the present lawsuit, that Ontel infringes U.S. Patent No. 8,117,706 (the "'706 Patent"). Accordingly, an actual case or controversy exists between Counterclaim-Plaintiff and ChomChom.

4.      Counterclaim-Plaintiff's Counterclaims include claims for tortious interference with contract, tortious interference with prospective economic benefit, and unjust enrichment. The Court has subject matter jurisdiction over these state law claims under 28 U.S.C. §§ 1338 and 1367. Such claims are integrally interrelated with ChomChom's federal claim for patent infringement and arise from a common nucleus of operative facts such that the administration of the state law claims with the federal claim furthers the interest of judicial economy.

5.      The Court has personal jurisdiction over ChomChom because it has purposefully availed itself of the benefits and protections of the laws of the New Jersey and asserted claims against Ontel in this District, thereby voluntarily subjecting itself to the Court's jurisdiction.

**BACKGROUND**

6.    Ontel has successfully sold its Fur Daddy Sonic Pet Hair Remover ("Fur Daddy") in e-commerce, including through the Marketplace on Amazon.com.

7.    Ontel first began offering the original version of the Fur Daddy on Amazon.com on or about December 4, 2020.

8.    In selling its product, like all other sellers, Ontel is subject to Amazon's "Amazon Services Business Solutions Agreement" ("Amazon Agreement").

9.    The Amazon Agreement mandates that Amazon allow sellers to utilize its platform and only provides very limited reasons under which Amazon can terminate a seller's ability to utilize its e-commerce platform.

10.    Specifically, the Amazon Agreement only provides two ways in which Amazon can terminate a relationship with a seller. Under the first, Amazon must provide a seller 30 days-notice before they can terminate a seller's product listing. Under the second, Amazon can only terminate a seller's product listing if that a seller has materially breached the Amazon Agreement.

11.    Absent one of these two limited conditions, a seller may list its products for sale on Amazon.com pursuant to the terms of the Amazon Agreement.

12.    Moreover, and upon information and belief, absent allegations that a seller has materially breached its Amazon Agreement, Amazon almost never terminates a successful selling product, such as Ontel's original Fur Daddy.

13.    On information and belief, around January 2021, ChomChom—or attorneys acting on behalf of ChomChom—submitted a Report Infringement form or similar complaint form with Amazon.com.

14.    On information and belief, ChomChom's above-referenced Report Infringement form (or similar complaint form) alleged that one version of Ontel's Fur Daddy products infringed one or more claims the '706 Patent.

15.    As a result of ChomChom's actions in filing the above-referenced Report Infringement form, Amazon removed Ontel's listing for the Fur Daddy , thereby preventing Ontel

from selling its Fur Daddy products, including those not specifically listed in the Report Infringement form or otherwise alleged to infringe the '706 Patent on Amazon.com.

16.     Upon information and belief, in removing Ontel's listings, Amazon asserted, based wholly on ChomChom's allegations, that Ontel materially breached the Amazon Agreement by offering for sale on Amazon.com a product that allegedly infringed a U.S. Patent of a third party.

17.     However, this broad characterization of infringement, as a result of ChomChom's Report Infringement form, has precluded Ontel from selling all versions of the Fur Daddy on Amazon.com. This includes Ontel's newer generation Fur Daddy, which ChomChom does not allege infringes the '706 Patent, but utilizes the same unique Amazon identifier.

18.     Thus, because ChomChom has accused Ontel's Fur Daddy of infringement, Amazon has precluded all sales under this unique identifier.

19.     Upon information and belief, absent any agreement by ChomChom, Ontel's Fur Daddy, which ChomChom does not allege infringes the '706 Patent, cannot be sold on Amazon.com (the largest commerce platform) without agreement by ChomChom.

20.     Consequently, Ontel has lost and continues to lose substantial sales that it would have made, based on the continuous long standing relationship between Ontel and Amazon, but for the improper actions of ChomChom to knowingly assert infringement against Ontel against a product that does not infringe.

21.     In addition to improperly casting aside all of Ontel's products through its infringement allegations, a cursory review of ChomChom's allegations reveal the lack of merit to its allegations. Indeed, none of Ontel's Fur Daddy products infringe any claim of the '706 Patent at least because it lacks the claimed "buffer means" limitation of Claim 1.

22.     Indeed, an inspection of all Fur Daddy products reveal the clear absence of this feature from Ontel's Fur Daddy products.

23.      Upon information and belief, Plaintiff had obtained a sample of Ontel's Fur Daddy and was clearly aware of the absence of this claim feature.

24.     Ontel's counsel sent a letter to ChomChom's counsel advising them that Ontel's Fur Daddy product does not infringe the '706 Patent at least because it does not include the "buffer means" limitation. However, to date, it appears as ChomChom, in spite of receiving such proof, has failed to retract its allegations. On information and belief, this can be for no other reason, other than to continue to harm Ontel and cease all sales of the Fur Daddy despite having knowledge that Ontel's Fur Daddy does not infringe any claim of the '706 Patent.

25.     Thus, Ontel's Fur Daddy products, including products not identified in ChomChom's Complaint, have been permanently removed from Amazon's website unless or until ChomChom agrees to their listing.

26.     On information and belief, ChomChom has refused to withdraw its allegations of patent infringement and/or retract its associated complaint submitted to Amazon.com.

27.     Moreover, given that Ontel's products typically have a relatively short product life of around two years, ChomChom's failure to allow Ontel to reinstate its Fur Daddy products on Amazon further amplifies the harm ChomChom's refusal to retract its associate complaint submitted to Amazon.com

28.     On information and belief, Amazon.com is the largest online retailer in the United States and because of ChomChom's knowingly improper allegations, Ontel has been precluded from selling on Amazon causing Ontel significant damage.

**FIRST COUNTERCLAIM**
**(TORTIOUS INTERFERENCE WITH CONTRACT)**

29.     Counterclaim-Plaintiff incorporates and realleges the allegations set forth in the preceding paragraphs of its Counterclaims, as if set forth fully herein.

30.     On information and belief, Ontel has contractual relationship(s) with Amazon.com, which include, but are not necessarily limited to, the contractual relationship arising from the Amazon Agreement.

31.    Specifically, the Amazon Agreement provides two avenues for which Amazon may terminate the Amazon Agreement. The first is with 30 days advanced notice and the second is a termination for cause.

32.    On information and belief, ChomChom, with knowledge of Ontel's contractual relationship(s) with Amazon.com, intentionally and maliciously interfered with such relationship(s) by improperly alleging that Ontel's Fur Daddy products infringe claims of the '706 Patent.

33.    Indeed, upon receipt of and in response to ChomChom's meritless allegations, Amazon terminated the Amazon Agreement as ChomChom failed to retract its allegations of infringement. t.

34.    However, upon review of the allegations, Ontel has not materially breached the Amazon Agreement. Specifically, and as explained above, no version of Ontel's Fur Daddy features various limitations of the '706 Patent, including, but not limited to the "buffer means" limitation. Simply put, Ontel's Fur Daddy products do not infringe any claim of the '706 Patent.

35.    Ontel's counsel sent a letter to ChomChom's counsel setting forth the specific bases for Ontel's non-infringement.

36.    Yet, in spite of receiving such correspondence, ChomChom failed to retract the Report Infringement Form, which caused Amazon to end its Amazon Agreement.

37.    Upon information and belief, the only logical reason for ChomChom's insistence to maintain its infringement allegations, in spite of receiving such undeniable proof, can be for no other reason than to use Amazon's own services to further its agenda of disrupting Ontel's long-standing success as a home products innovator.

38.    To date, Amazon has still refused to allow Ontel to sell its Fur Daddy due to ChomChom's failure to retract its meritless allegations. .

39.    On information and belief, Ontel has lost and will continue to lose substantial sales and profits as a result of this removal of Ontel's Amazon.com listings associated with the Fur Daddy products.

## SECOND COUNTERCLAIM
### (TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC BENEFIT)

40.     Counterclaim-Plaintiff incorporates and realleges the allegations set forth in the preceding paragraphs of its Counterclaims, as if set forth fully herein.

41.     At the time of ChomChom's improper allegations of infringement of U.S. Patent No. 8,117,706, at least in view of its prior sales of the Fur Daddy products through Amazon.com, Ontel had a reasonable expectation of economic benefit and advantage based on continued sales of its products through its Amazon.com listings.

42.     Specifically, Ontel has been an established seller on Amazon for over 13 years, with millions of dollars in revenue from Amazon. Without any interference, Ontel would have continued its established presence on Amazon's website.

43.     On information and belief, ChomChom intentionally and maliciously interfered with this expected economic benefit and advantage of Ontel by lodging an unsupported claim of patent infringement against the Fur Daddy products.

44.     Specifically, and as explained above, Ontel's Fur Daddy products do not feature various limitations of the '706 Patent, including, but not limited to the "buffer" limitation. Simply put, Ontel's Fur Daddy products do not infringe on the '706 Patent.

45.     Ontel's counsel sent a letter to ChomChom's counsel setting forth the specific bases for Ontel's non-infringement.

46.     In spite of receiving this correspondence, ChomChom has failed to retract its allegations and in turn has precluded Ontel from one of the largest internet marketplaces.

47.     Upon information and belief, ChomChom's continuous maintenance of its meritless infringement allegations can only be to disrupt Ontel's long standing success as a home product innovator.

48.     As a direct and proximate result of ChomChom's actions, Amazon.com removed Ontel's listings associated with the Fur Daddy products.

49.     Practically, this means that Ontel is unable to sell any version of the Fur Daddy, including versions which were not identified in ChomChom's Complaint. This is because ChomChom's allegations precluded Ontel from selling under its unique seller identifier.

50.      On information and belief, Ontel has lost and will continue to lose substantial sales and profits as a result of this removal of Ontel's Amazon.com listings associated with the Fur Daddy products.

### THIRD COUNTERCLAIM
### (UNJUST ENRICHMENT)

51.     Counterclaim-Plaintiff incorporates and realleges the allegations set forth in the preceding paragraphs of its Counterclaims, as if set forth fully herein.

52.     As a direct and proximate result of ChomChom's actions, ChomChom has been unjustly enriched—and continues to be unjustly enriched—by the suspension of Ontel's Amazon.com listings associated with the Fur Daddy products. While unjustly enriching ChomChom, ChomChom's actions have also impoverished Ontel by denying Ontel its ability to sell the Fur Daddy products through Amazon.com.

53.     Specifically, Ontel's removal from Amazon has conferred a benefit onto ChomChom by allowing ChomChom to have a monopoly in pet hair remover products on Amazon.

54.     Ontel seeks money damages from ChomChom for these actions in an amount equal to the benefit ChomChom has wrongfully obtained.


### PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff respectfully requests the following relief:

A.     Dismissal of ChomChom's Complaint with prejudice, granting Ontel's Defenses and Counterclaim-Plaintiff's Counterclaims, and denying each of ChomChom's requests for relief;

16

B.      Entry of judgment in Ontel's favor on each and every count of ChomChom's Complaint;

C.      Entry of an Order directing that Ontel is not liable to ChomChom for any damages pursuant to ChomChom's Complaint;

D.      That the Court enter an award in favor of Ontel and against ChomChom for such damages as Ontel has sustained as a consequence of ChomChom's tortious interference;

E.      For ChomChom to pay compensatory damages resulting from its wrongful conduct in an amount to be determined at trial, including but not limited to the amount of Ontel's lost sales and the amount ChomChom's unjust enrichment;

F.      An award to Counterclaim-Plaintiff of its reasonable costs and attorneys' fees as provided for by law; and

G.      For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Counterclaim-Plaintiff hereby demands a jury trial on all issues in this litigation that are triable to a jury.

Respectfully Submitted,

Dated: October 14, 2021

DICKINSON WRIGHT PLLC

*/s/ Peter E. Doyle*
Peter E. Doyle
NJ Bar No. 31642012
2600 W. Big Beaver Rd., Suite 300
Troy, MI 48084
Tel: (248) 205-5978
Fax: (844) 670-6009
PDoyle@dickinsonwright.com

*Attorney for Defendants and Counter-Plaintiff Ontel Products Corporation*