Aaron S. Eckenthal
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
20 Commerce Drive
Cranford, NJ  07016
Tel:     908.654.5000

*Attorneys for Plaintiff Word Ape, LLC d/b/a ChomChom Roller*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WORD APE, LLC d/b/a CHOMCHOM ROLLER, | : | **Document Filed Electronically** |
| | : | |
| Plaintiff, | : | Civil Action No. 21-14431-MCA-MAH |
| v. | : | |
| | : | Madeline Cox Arleo, U.S.D.J. |
| ONTEL PRODUCTS CORPORATION and LING FUN TRADING, LTD., | : | Michael A. Hammer, U.S.M.J. |
| Defendants. | x | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIMS

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ....................................................................................................... ii

I. BACKGROUND ................................................................................................................ 1

II. LEGAL STANDARD ........................................................................................................ 1

III. ARGUMENT ..................................................................................................................... 2

    A. The Amazon Services Business Solutions Agreement Is Not A Contract ...................... 2

    B. The First And Second Counterclaims Fail To Allege Malice .......................................... 3

    C. Defendants' Counterclaim For Unjust Enrichment Remains Deficient ........................... 5

IV. CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Columbia Trading Corp. v. Green Elecs., LLC*,
    No. 17-1309, 2018 U.S. Dist. LEXIS 129048 (D.N.J. July 27, 2018) ...................................... 1

*Duffy v. Charles Schwab & Co.*,
    123 F. Supp. 2d 802 (D.N.J. 2000) ........................................................................................ 5

*Eli Lilly & Co. v. Roussel Corp.*,
    23 F. Supp. 2d 460 (D.N.J. 1998) .......................................................................................... 5

*G.P. Indus., Inc. v. Eran Indus., Inc.*,
    500 F.3d 1369 (Fed. Cir. 2007) .............................................................................................. 4

*Globetrotter Software v. Elan Comput. Grp.*,
    362 F.3d 1367 (Fed.Cir. 2004) ............................................................................................... 4

*Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*,
    58 F. Supp. 3d 1166 (W.D. Wash. 2014), *aff'd sub nom.*, *Hard2Find
    Accessories, Inc. v. Amazon.com, Inc.*, 691 F. App'x 406 (9th Cir. 2017) .............................. 2

*Heflin v. Coleman Music & Ent., L.L.C.*,
    No. 2:10CV566, 2011 WL 6130802 (E.D. Va. Dec. 5, 2011), *aff'd sub nom.*,
    *Heflin v. Coleman Music & Ent.*, LLC, 494 F. App'x 92 (Fed. Cir. 2012) .............................. 4

*Marina Dist. Dev. Co. v. AC Ocean Walk LLC*,
    No. 20-15719, 2021 U.S. Dist. LEXIS 74571 (D.N.J. Apr. 19, 2021) ................................... 3

*Mikohn Gaming Corp. v. Acres Gaming, Inc.*,
    165 F.3d 891 (Fed. Cir. 1998) ............................................................................................... 4

*Nostrame v. Santiago*,
    213 N.J. 109, 61 A.3d 893 (2013) .................................................................................... 2, 3

*Ragner Tech. Corp. v. Telebrands Corp.*,
    No. 15-8185, 2016 U.S. Dist. LEXIS 84132 (D.N.J. June 29, 2018) ..................................... 3

*Signature Bank v. Check-X-Change, LLC*,
    No. 12-2802, 2013 U.S. Dist. LEXIS 90880 (D.N.J. June 27, 2013) ..................................... 1

*VRG Corp. v. GKN Realty Corp.*,
    135 N.J. 539, 641 A.2d 519 (1994) ....................................................................................... 5

**STATUES, RULES & OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 2

## I.  BACKGROUND

Plaintiff filed a motion to dismiss Defendants' three counterclaims under Rule 12(b)(6) (ECF No. 14).  In response to that motion, Defendants amended its three counterclaims.  (*See* ECF No 16.)  However, Defendants' three amended counterclaims for (1) tortious interference with contract; (2) tortious interference with prospective economic benefit; and (3) unjust enrichment, remain deficient and therefore Plaintiff renews its motion to dismiss under Rule 12(b)(6).

Plaintiff's prior motion to dismiss identified why Defendants' counterclaims were both factually and legally deficient.  But the additional information included in Defendants' amended counterclaims, along with any legal argument presented in Defendants' brief in opposition to Plaintiff's first motion to dismiss, do not sufficiently address those shortcomings.  Accordingly, all three of Defendants' amended counterclaims remain factually and legally insufficient to present a claim upon which relief can be granted.

## II.  LEGAL STANDARD

That standard used to evaluate a motion to dismiss a counterclaim is the same standard used for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Signature Bank v. Check-X-Change, LLC*, No. 12-2802, 2013 U.S. Dist. LEXIS 90880 (D.N.J. June 27, 2013).  This was fully discussed by the court in *Columbia Trading Corp. v. Green Electronics, LLC*, No. 17-1309, 2018 U.S. Dist. LEXIS 129048, at *5 (D.N.J. July 27, 2018) (citations omitted), which stated:

> Under this standard, the counterclaim must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  In evaluating the sufficiency of a counterclaim, the court must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  A court will, however, accept the counterclaim's well pleaded facts as true. *Fowler*, 578 F.3d at 210.

On a Rule 12(b)(6) motion to dismiss, a district court may not rely on matters extraneous to the pleading sought to be dismissed. Fed. R. Civ. P. 12(d). A motion to dismiss a counterclaim must be decided "on the face of the counterclaim." *Lukoil N. Am. LLC v. Turnersville Petroleum Inc.*, 2015 U.S. Dist. LEXIS 123434, 2015 WL 5455648, at *1 (D.N.J. Sept. 16, 2015). However, in certain circumstances, a court may also consider undisputed and authentic exhibits as well as matters of public record. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1425 (3d Cir. 1997).

Under the Rule 12(b)(6) standard, all three of Defendants' counterclaims cannot stand and must be dismissed.

## III.  ARGUMENT

### A.  The Amazon Services Business Solutions Agreement Is Not A Contract

In order to set forth a cause of action for tortious interference of contract, there must be a contract in place. *Nostrame v. Santiago*, 213 N.J. 109, 121, 61 A.3d 893, 900 (2013). But Defendants have not demonstrated that any such contract exists.

Defendants rely on their Amazon Services Business Solutions Agreement ("Amazon BSA") for the contract that forms the basis of their first counterclaim for tortious interference with contract. The terms of the Amazon BSA (ECF No. 14-1, at 2) make it clear that the BSA is not a contract because it is terminable at will with mere notice. Indeed, the district court where Amazon's headquarters is located, United States District Court for the Western District of Washington, confirmed this interpretation of the Amazon BSA. In *Hard 2 Find Accessories, Inc. v. Amazon.com, Inc.*, 58 F. Supp. 3d 1166, 1169 (W.D. Wash. 2014), *aff'd sub nom.*, *Hard2Find Accessories, Inc. v. Amazon.com, Inc.*, 691 F. App'x 406 (9th Cir. 2017), the court examined a provision that is not materially different from the provision contained within the present Amazon BSA that is at issue in this case. The court held:

> The BSA provides that Amazon may terminate or suspend the Agreement or any service by notice to the seller for any reason at any time. Likewise, sellers may terminate the Agreement or service for any reason at any time. Accordingly, the Agreement provides for an at will relationship between sellers and Amazon.

*Hard 2 Find Accessories, Inc.,* 58 F. Supp. 3d at 1169.

Thus, Defendants' amended counterclaim for tortious interference with contract is based on the false legal proposition that the Amazon BSA is a contract. It is not. It is merely an expectancy. Accordingly, Defendants' first amended counterclaim fails to state a legally cognizable claim.

### B. The First And Second Counterclaims Fail To Allege Malice

A cause of action for tortious interference with contract or for prospective contractual relation both require allegations that the means of the interference was intentional and improper. *Nostrame*, 213 N.J. 109, at 122. The intentional aspect is sometimes referred to as malice. *Ragner Tech. Corp. v. Telebrands Corp.*, No. 15-8185, 2016 U.S. Dist. LEXIS 84132, at *8-9 (D.N.J. June 29, 2018) ("The term 'malice' as used in a tortious interference claim under New Jersey law 'is not used in the literal sense requiring ill will toward the plaintiff, but instead malice is defined to mean that the harm was inflicted intentionally and without justification or excuse'"); *Marina Dist. Dev. Co. v. AC Ocean Walk LLC*, No. 20-15719, 2021 U.S. Dist. LEXIS 74571, at *22 (D.N.J. Apr. 19, 2021) ("[W]rongful means has been explained to include fraud, defamation, deceit and misrepresentation, violence, intimidation, criminal, or civil threats and/or violations of law."). In that regard, the wrongful means must rise to the level of being independently actionable. *See Nostrame*, 213 N.J. at 124, 61 A.3d at 902 (defamation, deceit, violence, fraud, intimidation, misrepresentation, criminal or civil threats, and/or violations of the law are among the kinds of conduct that would be considered to be "wrongful means." On the other hand, lesser sorts of behavior have been found to fall short of constituting wrongful means in the ordinary business context, *e.g.*, vigorous solicitation of competitor company's customers, sneaky, and or underhanded acts are not wrongful means.).

Here, Defendants' amended first and second counterclaims assert that the enforcement of the ChomChom patent is the required improper means necessary to maintain the first and second

3

counterclaims for tortious interference. (ECF No. 17, at 5.) Not surprisingly, Ontel disagrees with Plaintiff's infringement position but does not (and cannot) assert that Plaintiff's case is objectively baseless.

Communications to deter others from infringing its patent rights are not improper unless the patent owner knows them to be baseless. The law requires a showing of bad faith to deem enforcement communications regarding an issued patent as wrongful. *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 898 (Fed. Cir. 1998) ("We apply federal patent law and precedent relating to the giving of notice of patent rights, in reviewing the grant of an injunction against the giving of such notice. As we have discussed, federal law requires a showing of bad faith in order to bar such communications.").

As noted in *G.P. Industries, Inc. v. Eran Industries, Inc.*, 500 F.3d 1369 (Fed. Cir. 2007):

> The Supreme Court elaborated on the meaning of "objectively baseless," explaining that "the lawsuit must be objectively baseless in the sense that **no reasonable litigant could realistically expect success on the merits."** *Prof. Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993). Although the Professional Real Estate case involved an antitrust action, we have expressly applied the "objectively baseless" standard to a situation in which the party challenged statements made in cease-and-desist letters by a patentee asserting its patent rights. [*Globetrotter Software v. Elan Computer Group*, 362 F.3d 1367, 1377 (Fed.Cir. 2004)]. We stated that a "plaintiff claiming that a patent holder has engaged in wrongful conduct by asserting claims of patent infringement must establish that the claims of infringement were objectively baseless."

*Id.* at 1374-75 (emphasis added); *see also Heflin v. Coleman Music & Ent., L.L.C.*, No. 2:10CV566, 2011 WL 6130802, at *9 (E.D. Va. Dec. 5, 2011), *aff'd sub nom.*, *Heflin v. Coleman Music & Ent.*, LLC, 494 F. App'x 92 (Fed. Cir. 2012) ("A patentee is authorized by law to notify potential infringers that they may be infringing a patent unless the patentee knows that such infringement claims are false and objectively baseless. Although we have ultimately found that Plaintiff's infringement claims were meritless, we cannot say that, at the time he filed the suit, Plaintiff knew that his claims were false, or that to file such claims was an outrageous act.").

Here, Defendants' first and second amended counterclaims make no such allegations of bad faith by Plaintiff — there is none. Plaintiff is allowed to rightfully assert its patent rights. Accordingly, Defendants' first and second amended counterclaims for tortious interference remain insufficient and have failed to state a claim upon which relief can be granted.

C. **<u>Defendants' Counterclaim For Unjust Enrichment Remains Deficient</u>**

Ontel argues that its claim for unjust enrichment is based on the benefits from reduced competition in the Amazon marketplace for Ontel's product. (ECF No. 17, at 5; ECF No. 16 ¶ 52.) This argument does not, however, address the quasi contract requirements in New Jersey. *Duffy v. Charles Schwab & Co.*, 123 F. Supp. 2d 802, 814-15 (D.N.J. 2000) (Holding a quasi contract requirement by showing that defendant received a benefit and that retention of the benefit without payment would be unjust; plaintiff "must show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights."); *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 496 (D.N.J. 1998); *see also VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554, 641 A.2d 519, 526 (1994).

Here, Defendants' third amended counterclaim does not set forth sufficient facts (because they cannot) that there was any expectation of remuneration from ChomChom when the alleged benefit was conferred or that any enrichment to ChomChom occurred beyond its contractual rights. (*See* ECF No. 14-1, at 5.) Ontel and ChomChom are competitors. There has never been any kind of contractual relationship between them, and Ontel would have no reasonable expectation of payment from ChomChom for Ontel's sales activities through Amazon.com. Thus, Ontel's third amended counterclaim for unjust enrichment remains legally deficient.

## IV. CONCLUSION

As discussed above, Defendants' amended first, second, and third counterclaims remain deficient and are insufficiently pled to state a legal claim upon which relief can be granted. Accordingly, each should be dismissed.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Word Ape,*
 *LLC d/b/a ChomChom Roller*

Dated: October 28, 2021        By:   s/ Aaron S. Eckenthal
                                     Aaron S. Eckenthal
                                     Tel:   908.654.5000
                                     E-mail: aeckenthal@lernerdavid.com
                                            litigation@lernerdavid.com

**OF COUNSEL**
Lance G. Johnson
(Admitted *pro hac vice*)
JOHNSON LEGAL PLLC
12545 White Drive
Fairfax, VA 22030
Tel:   202.445.2000
E-mail: Docketing@lgjlegal.com