Peter E. Doyle
John S. Artz
Jonathan D. Nikkila
DICKINSON WRIGHT PLLC
2600 W. Big Beaver Rd., Suite 300
Troy, MI 48084
Tel: (248) 205-5978
Fax: (844) 670-6009

*Attorneys for Defendants and Counter-Plaintiffs Ontel Products Corporation and Ling Fung Trading, Ltd.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WORD APE, LLC d/b/a CHOMCHOM ROLLER,<br>　　　　Plaintiff,<br><br>v.<br><br>ONTEL PRODUCTS CORPORATION and LING FUNG TRADING, LTD.,<br>　　　　Defendants. | Case No.: 2:21-cv-14431-MCA-MAH<br><br>Hon. Madeline C. Arleo<br>Hon. Michael A. Hammer<br><br>Motion Day: December 6, 2021 |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' AMENDED FIRST, SECOND, AND THIRD COUNTERCLAIMS

1

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. LEGAL STANDARD ..................................................................................... 2

III. FACTS PLEADED IN AMENDED COUNTERCLAIM ........................... 3

IV. ARGUMENT ................................................................................................... 4

    A.    The at-issue Amazon Business Services Agreement creates a legitimate business expectancy ............................................................ 5

    B.    Ontel has properly pled a wrongful act—Plaintiff's continued maintenance of meritless patent infringement claims ..................... 7

    C.    Ontel has satisfactorily pled its claim for Unjust Enrichment ...... 9

V. CONCLUSION ................................................................................................ 9

Defendants Ontel Products Corporation and Ling Fung Trading, Ltd. (collectively "Ontel" or "Defendants") hereby respond to Plaintiff Word Ape, LLC d/b/a ChomChom Roller's ("ChomChom" or "Plaintiff") Motion to Dismiss Defendants' Amended First, Second, and Third Counterclaims (Dkt. No. 19) ("Motion to Dismiss").

## I. INTRODUCTION

Through the instant Motion to Dismiss, its second, Plaintiff seeks to escape liability for its baseless patent infringement claims. Yet, similar to its first Motion to Dismiss (Dkt. No. 14), in its haste to dispose of Ontel's Counterclaims, Plaintiff sets forth the same meritless arguments.

To be clear, Ontel has sufficiently identified the contractual relationship between Ontel and Amazon. Critically, the Business Services Agreement at issue here specifies reasons for which a company can be terminated, and is not "at-will" as Plaintiff contends. Second, contrary to Plaintiff's erroneous contention, Ontel has identified the baseless nature of Plaintiff's patent infringement claims, such that its assertion of such claims constitutes a wrongful act sufficient to maintain both challenged tortious interference claims. Third, Ontel's Amended Counterclaims specify how Plaintiff was unjustly enriched due to its meritless patent infringement claims. Indeed, Plaintiff's allegations have effectively forced Ontel out of the

market, which has diverted sales to Plaintiff. In all, Plaintiff's Motion must be dismissed.

## II.   LEGAL STANDARD

The standard governing a motion to dismiss a counterclaim is the same as the well-known standard governing motions to dismiss generally. "To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted). When considering a motion to dismiss under *Iqbal*, the court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the [pleading's] well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the [pleading] are sufficient to show that the plaintiff

has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted).

### III. FACTS PLEADED IN AMENDED COUNTERCLAIM

Ontel's Amended Counterclaims detail the requisite factual basis supporting Ontel's claims for tortious interference and unjust enrichment. Specifically, Ontel has been a trusted and established seller on Amazon, selling its successful products including, among many others, its FurDaddy product at issue here. (Dkt. No. 16, ¶ 6.) Ontel sells its product on Amazon under the Amazon Business Services Agreement. (*Id.* at ¶ 8.) Among other things, Amazon's Business Services Agreement sets forth specific instances where Amazon can terminate Ontel. (*Id.* at ¶ 10.) As such, Ontel has a protected interest and business expectancy by virtue of the Amazon Services Business Solutions Agreement, which only allowed Ontel to be terminated with thirty (30) days' notice or for cause by breaching its Agreement with Amazon. (*Id.* at ¶¶ 9-12.)

In January 2021, Plaintiff submitted a Report Infringement form to Amazon alleging infringement of its patent. (*Id.* at ¶ 13-14.) Due to Plaintiff's allegations of infringement, Ontel's sales listings were removed from Amazon. Upon review of Plaintiff's allegations, Ontel investigated and found that Plaintiff's allegations were meritless, given that Ontel's products did not meet certain claim limitations. (*Id.* at ¶ 24.) After review, Ontel reached out to Plaintiff's counsel in order to provide this

3

information. (*Id.*) Despite understanding the basis of Ontel's noninfringement position, Plaintiff refused—and continues to refuse—to withdraw its meritless allegations. Plaintiff's allegations continue to harm Ontel through substantial loss of sales associated with the removal of its Amazon listings. (*Id.* at 26.) Indeed, Amazon is the largest selling e-commerce platform. (*Id.*) Ontel's absence from Amazon has also unjustly enriched Plaintiff by directing sales to Plaintiff. Given this clear wrongdoing by Plaintiff, Ontel was forced to seek relief from this Court, by way of its Counterclaims, to compensate for Plaintiff's willful and malicious conduct in removing Ontel's products from Amazon.

## IV.   ARGUMENT

Ontel has satisfactorily pled its three (3) amended counterclaims. While Ontel's original counterclaims sufficiently put Plaintiff on notice as to its wrongful conduct, there is simply no doubt that Ontel's Amended Counterclaims properly set forth violations of tortious interference with contract, tortious interference with prospective economic benefit, and unjust enrichment. Specifically, Ontel's Amended Counterclaims set forth the business expectancy Ontel was entitled to by virtue of the Amazon Business Services Agreement. And, Plaintiff's citation to another court's opinion on this point is inapplicable for a number of reasons, not least because it involves a different contract than the one to which Ontel is subject. Second, Ontel has set forth that Plaintiff's allegations of patent infringement are

objectively baseless such that no reasonable litigator would have continued to maintain this suit. This is particularly true here, given that Ontel has explained to Plaintiff, in detail, why its FurDaddy product fails to meet the requisite limitations of the '706 Patent's claims. Irrespective of such information, Plaintiff continues its baseless claims. Third, Ontel has similarly pled, in detail, why Plaintiff has been unjustly enriched due to its allegations of infringement. In all, Plaintiff's Motion should be dismissed and discovery surrounding Ontel's counterclaims should be allowed to commence.

### A. The at-issue Amazon Business Services Agreement creates a legitimate business expectancy

Plaintiff's Motion to Dismiss fundamentally misconstrues the Amazon Business Services Agreement governing the contractual relationship between Ontel and Amazon. Indeed, Plaintiff's Motion noticeably fails to mention that the Amazon Business Services Agreement provides only two (2) specific avenues that justify termination of a seller. First, Amazon can only terminate a contractual relationship with a seller if it provides the seller with thirty (30) days' notice. (Dkt. No. 14-2, page 3, ¶ 3.) Second, Amazon can only terminate a contractual relationship with a seller if there is cause for justifying. (*Id.*) Because there are only two specific ways which Amazon can terminate its relationship with Ontel, the Amazon Business Services Agreement does not give rise to an "at-will" contractual relationship. *See Arush v. LPL Financial, LLC,* 2016 WL 7424260 (D.N.J. 2016) (denying a summary

judgment motion relating to breach of contract involving termination for cause because there was a contractual relationship between employer and employee which needed to be analyzed by the jury). Thus, given that this is not an "at-will" situation, Ontel is able to sustain its claim as there was a legitimate contractual business expectancy with which Plaintiff tortuously interfered.

Plaintiff's citation to *Hard 2 Find v. Amazon*, 58 F.Supp.3d 1166, 1169 (W.D. Wash. 2014) is similarly unpersuasive. Specifically, while the Court did find that the Amazon Business Services Agreement was at-will, the Court was interpreting an older version of the Agreement. In that version of the Agreement, Amazon could terminate for any reason:

> We [Amazon] may terminate or suspend this Agreement for any service immediately by notice to you for any reason at any time.

*Hard 2 Find Accessories, Inc.,* Case No. C14-0950 RSM, Dkt. No. 16, p. 5. This language stands in stark contrast to the Amazon Business Services Agreement that currently governs the relationship between Ontel and Amazon. As noted above, such relationship can only be terminated for specific reasons:

> We may terminate your use of any services or terminate this agreement for convenience with 30 days' advance notice. We may suspend or terminate your use of any services immediately if we determine that (a) you have materially breached the Agreement and failed to cure within 7 days of a cure notice unless your breach exposes us to liability toward a third party, in which case we are entitled to reduce, or waive, the aforementioned cure

6

>period at our reasonable discretion; (b) your account has been, or our controls identify that it may be used for deceptive or fraudulent, or illegal activity; or (c) your use of the Services has harmed, or our controls identify that it might harm, other sellers, customers, or Amazon's legitimate interests.

(Dkt. No. 14-2.)

The difference between the language used in the respective agreements clearly demonstrates that—pursuant to Amazon's new Business Services Agreement—Amazon cannot, at-will, terminate its agreement with Ontel. This would not have been true under the terms of the previous Business Services Agreement at issue in *Hard 2 Find*.

Thus, Amazon must either give thirty (30) days' notice or it must terminate Ontel for cause. In contrast, the Agreement relied upon in *Hard 2 Find*, allowed Amazon free reign to terminate the seller. Given that Amazon has enumerated specific reasons that it ***has to*** utilize to terminate a seller, this transforms the contract from at-will, to one where there was business expectancy. Thus, Ontel has a viable claim for tortious interference with contract.

### B. Ontel has properly pled a wrongful act—Plaintiff's continued maintenance of meritless patent infringement claims

Ontel has properly alleged that Plaintiff, in spite of receiving detailed correspondence detailing Ontel's non-infringement of the patent at issue, ignores this and continues to allege its meritless patent infringement claims, thus constituting

7

a wrongful act actionable by this Court. To constitute a wrongful act sufficient to maintain a tortious interference claim, Ontel must show that the lawsuit is objectively basis such that no reasonable litigant could realistically expect success on the merits. *Prof. Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.,* 508 U.S. 49, 60 (1993). If the patentee knows, for example, that "the patent is invalid, unenforceable, ***or not infringed***, yet represents to the marketplace that a competitor is infringing the patent, a clear case of bad faith representations is made out." *Zenith Elecs. Corp. v. Exzec, Inc.,* 182 F.3d 1340, 1355 (Fed. Cir. 1999).

Here, Ontel's basis for alleging Plaintiff's wrongful act is simple. Specifically, upon review of Plaintiff's allegations, Ontel investigated and found that Plaintiff's allegations were meritless, given that Ontel's products did not meet certain claim limitations. Dkt No. 16 at ¶ 24. After review, Ontel reached out to Plaintiff's counsel, providing them with this information. *Id.* In spite of receiving this information, Plaintiff's Counsel refused to withdraw its allegations, which continues to harm Ontel in that it has lost a substantial volume of sale on Amazon. *Id.* at ¶¶ 26 – 28.

Thus, Ontel contends that by Plaintiff continuing to maintain its lawsuit, in spite of the fact that it knows it to be objectively basis, is the wrongful act necessary to maintain this claim. Simply put, Plaintiff is aware that its claim has no merit, yet insists on maintaining this suit. This bad faith act forms the basis for Ontel's first and second claims.

### C. Ontel has satisfactorily pled its claim for Unjust Enrichment

Like Ontel's other two amended counterclaims, the basis for its Unjust Enrichment claim is relatively simple. To maintain a claim for unjust enrichment Ontel must show that Defendant received a benefit and that retention of that benefit without payment would be unjust. *See Duffy v. Charles Schwab & Co.,* 123 F.Supp.2d 802, 814-15 (D.N.J. 2000).

Here, Ontel alleges that Plaintiff was benefited by Ontel's removal from the market. Specifically, Plaintiff lodged meritless patent infringement claims against Ontel. Due to these claims, Ontel was removed from Amazon and as such Plaintiff now reaps the benefit of all these additional sales. This is the benefit that Plaintiff received. Moreover, this benefit is wrongful, given that the patent infringement claims have absolutely no merit and Plaintiff is aware of the flaws in its infringement analysis. Thus, Plaintiff has received a benefit and the retention of that benefit would be unjust. *See Duffy*, 123 F.Supp.2d at 814-15.

### V. **CONCLUSION**

For each of the foregoing reasons, Ontel respectfully requests that the Court deny Plaintiff's Motion to Dismiss.

Respectfully Submitted,

9

Dated: November 22, 2021

        DICKINSON WRIGHT PLLC

        */s/ Peter E. Doyle*
        Peter E. Doyle
        NJ Bar No. 31642012
        2600 W. Big Beaver Rd., Suite 300
        Troy, MI 48084
        Tel: (248) 205-5978
        Fax: (844) 670-6009
        PDoyle@dickinsonwright.com

        John S. Artz (*pro hac vice*)
        Jonathan D. Nikkila (*pro hac vice forthcoming*)
        350 S. Main Street, Suite 300
        Ann Arbor, MI 48104
        JSArtz@dickinsonwright.com
        JNikkila@dickinsonwright.com

        *Attorneys for Defendants and Counter-Plaintiffs Ontel Products Corporation and Ling Fung Trading, Ltd*

## **CERTIFICATE OF SERVICE**

I hereby certify that all parties who are deemed to have consented to electronic service are being served this 22nd day of November 2021, with a copy of the foregoing document via the Court's CM/ECF system.


Date:  November 22, 2021

                                                  */s/ Peter E. Doyle*
                                                  Peter E. Doyle