Aaron S. Eckenthal
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
20 Commerce Drive
Cranford, NJ  07016
Tel:     908.654.5000

*Attorneys for Plaintiff Word Ape, LLC d/b/a ChomChom Roller*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WORD APE, LLC d/b/a CHOMCHOM ROLLER, | : | **Document Filed Electronically** |
| Plaintiff, | : | Civil Action No. 21-14431-MCA-MAH |
| v. | : | Madeline Cox Arleo, U.S.D.J. |
| | : | Michael A. Hammer, U.S.M.J. |
| ONTEL PRODUCTS CORPORATION and LING FUN TRADING, LTD., | : | |
| Defendants. | x | |

### REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' FIRST, SECOND, AND THIRD COUNTERCLAIMS

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... i

I. INTRODUCTION ........................................................................................................ 1
II. THE BSA WITH AMAZON IS NOT A CONTRACT......................................................... 1
III. ENFORCING A PATENT IS NOT IMPROPER................................................................. 2
IV. THE CLAIM FOR UNJUST ENRICHMENT IS STILL DEFICIENT ............................. 3
V. CONCLUSION............................................................................................................. 5

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Cooper v. Samsung Elecs. Am., Inc.*,
   No. CIV.A.07-3853 JLL, 2008 WL 4513924 (D.N.J. Sept. 30, 2008), aff'd,
   374 F. App'x 250 (3d Cir. 2010) ................................................................................................4

*Duffy v. Charles Schwab & Co.*,
   123 F. Supp.2d 802 (D.N.J. 2000) .........................................................................................3, 4

*Heflin v. Coleman Music & Ent., L.L.C.*,
   No. 2:10CV566, 2011 WL 6130802 (E.D. Va. Dec. 5, 2011)....................................................3

*Heflin v. Coleman Music & Ent.*, LLC,
   494 F. App'x 92 (Fed. Cir. 2012) ..............................................................................................3

*LoanDepot.com v. CrossCountry Mortg., Inc.*,
   399 F. Supp. 3d 226 (D.N.J. 2019) ............................................................................................2

*Nelson v. Xacta 3000 Inc.*,
   2009 WL 4119176, at *3 (D.N.J. Nov. 24, 2009).......................................................................4

*Snyder v. Farnam Cos., Inc.*,
   792 F. Supp. 2d 712 (D.N.J. 2011) ............................................................................................4

*Varrallo v. Hammond Inc.*,
   94 F.3d 842 (3d Cir. 1996).........................................................................................................1

**STATUTES, RULES & OTHER AUTHORITIES**

35 U.S.C. § 154(a)(1)......................................................................................................................2

35 U.S.C. § 271...............................................................................................................................2

35 U.S.C.§ 287................................................................................................................................2

## I. INTRODUCTION

Ontel's arguments in support of its amended counterclaims continue to be insufficient to present claims upon which this court could grant relief.

## II. THE BSA WITH AMAZON IS NOT A CONTRACT

Ontel acknowledges that the BSA allowed Amazon to terminate Ontel's account with notice. (ECF No. 21, at 3 "which only allowed Ontel to be terminated with thirty (30) days' notice" and at 5.)

Admittedly, the BSA language cited by Ontel in its brief (ECF 21, at 6), in the *Hard 2 Find* case, and the current BSA are all slightly different. But they each share the same important quality — none limit Amazon's discretion to terminate a seller for any reason. This results in a comparable legal effect, with the only difference being that the new BSA delays the termination effect for 30 days. Even with this difference, this does not convert the BSA into a contract. Ontel cites no case in support of its novel legal contention that a clause providing a time period before the discretion-based termination occurs somehow converts the document into a contract.

Indeed, it has been held that a delayed effect is not sufficient to create a contract. For example, a clause in an employee handbook regarding grounds for termination but not expressly limiting the employer's discretion to terminate an employee remained an at-will arrangement. *See Varrallo v. Hammond Inc.*, 94 F.3d 842, 847 (3d Cir. 1996) ("Stated conversely, where provisions relating to job security or termination are so terse or general that they cannot reasonably be regarded as intended to constrain the employer's discretion, the at-will relationship remains intact.")

Here, Amazon does not grant its third-party sellers a contractual right to be and remain a seller. Any seller's interest under the BSA is merely an expectancy and cannot support an assertion that the BSA is a contract so as to support the First Amended Counterclaim. Curiously, in its brief

in opposition, Ontel now seems to suggest that it was not actually kicked off Amazon, only that some of its listings for the accused product were removed. (ECF No. 21, at 3-4 "Ontel's sales listings were removed by Amazon.") Therefore, the BSA is not a contract, but even if it were, it has not been clearly demonstrated by Ontel that it was terminated by Amazon.

As we noted in our earlier motion (ECF No. 14-1, at 2 n1), a claim for breach of contract requires that the contract be terminated between the parties. *See LoanDepot.com v. CrossCountry Mortg., Inc.*, 399 F. Supp. 3d 226, 235 (D.N.J. 2019). If Ontel now admits that it was not, in fact, terminated from Amazon as a result of Plaintiff's infringement notice and that only some of its listings were removed, then this only serves to bolster ChomChom's position why Amended Counterclaim 1 (and 2) are deficient to state a claim upon which relief can be granted — no contract was terminated.

### III. ENFORCING A PATENT IS NOT IMPROPER

Ontel also continues to assert that enforcing the ChomChom patent against Ontel is the improper means required for tortious interference under the First and Second Amended Counterclaims (ECF No. 21, at 8.) Not surprisingly, Ontel disagrees with plaintiff's infringement position but does nothing to show that plaintiff's claim is objectively baseless. (*Id.*)

A patent grant from the U.S. Government represents a right for a limited term to exclude others from making, using, selling, or offering to sell the claimed invention. 35 U.S.C. § 154(a)(1). Infringement of that right is codified in 35 U.S.C. § 271. The requirement to provide notification of patent rights is found in 35 U.S.C.§ 287. It stands to reason, then, that the rights owner must engage in communications to deter others from infringing its patent rights. Even if the owner turns out to be wrong, the communications are not improper unless the owner knows them to be baseless.

ChomChom agrees with Ontel that the law requires a showing that the lawsuit be objectively baseless. (*See* ECF No. 19-1, at 4 and ECF No. 21, at 4.) However, notifying Amazon

of Ontel's infringement, even if ultimately found to be wrong, cannot be deemed objectively false without any additional evidence. *See Heflin v. Coleman Music & Ent., L.L.C.*, No. 2:10CV566, 2011 WL 6130802, at *9 (E.D. Va. Dec. 5, 2011), aff'd sub nom. *Heflin v. Coleman Music & Ent.*, LLC, 494 F. App'x 92 (Fed. Cir. 2012) ("A patentee is authorized by law to notify potential infringers that they may be infringing a patent unless the patentee knows that such infringement claims are false and objectively baseless. Although we have ultimately found that Plaintiff's infringement claims were meritless, we cannot say that, at the time he filed the suit, Plaintiff knew that his claims were false, or that to file such claims was an outrageous act.")

In the present case, Ontel presents no such showing or substantive analysis to support its conclusionary assertions denying infringement. This silence and lack of any additional evidence on the record cannot support a finding that ChomChom's claim is objectively baseless and is certainly insufficient to maintain the First and Second Amended Counterclaims. Accordingly, the First and Second Amended Counterclaims remain insufficient to state a claim upon which relief can be granted.

**IV. THE CLAIM FOR UNJUST ENRICHMENT IS STILL DEFICIENT**

Finally, Ontel argues that its claim for unjust enrichment is based on the benefits from reduced competition in the Amazon marketplace for Ontel's product. For its position, Ontel relies on *Duffy v. Charles Schwab & Co.*, 123 F. Supp.2d 802, 814-815 (D.N.J. 2000) (ECF No. 21, at 9.) But Ontel's argument is misplaced because the full quote from this citation is, as we cited in our earlier brief (ECF No. 19-1, at 5) far more limited in applicable scope than Ontel asserts:

> To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust. *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554, 641 A.2d 519, 526 (1994). The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights. *Id.*

3

7080174_1.docx

*Duffy*, 123 F. Supp. 2d at 815.  Ontel does not appreciate, nor allege in its Third Amended Counterclaim, the other aspects needed to assert a claim for unjust enrichment.  For example, Ontel does not articulate the benefit conferred on the defendant by plaintiff.  *Snyder v. Farnam Cos., Inc.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (quoting *Nelson v. Xacta 3000 Inc.*, 2009 WL 4119176, at *3 (D.N.J. Nov. 24, 2009)). ("Since a plaintiff must confer a benefit on the defendant to support an unjust enrichment claim, this element has been interpreted by New Jersey courts as a requirement that 'the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.'")  *See also Cooper v. Samsung Elecs. Am., Inc.*, No. CIV.A.07-3853 JLL, 2008 WL 4513924, at *10 (D.N.J. Sept. 30, 2008), aff'd, 374 F. App'x 250 (3d Cir. 2010) ("Here, although Cooper alleges that Samsung was unjustly enriched through the purchase of the television, there was no relationship conferring any direct benefit on Samsung through Cooper's purchase, as the purchase was through a retailer, Ultimate Electronics. Cooper, therefore, did not confer a benefit on Samsung within the meaning of New Jersey's doctrine of unjust enrichment.")

  As noted in our opening brief (ECF No. 19-1, at 5), Ontel and ChomChom are competitors, just like the thousands or hundreds of thousands of other competitors in the Amazon Marketplace.  Each has a relationship with Amazon, but such an indirect connection is not sufficient to support claims of unjust enrichment under New Jersey law.  Accordingly, Ontel's Third Amended Counterclaim fails to state a claim upon which relief can be granted.

## V. CONCLUSION

As discussed above, the First, Second, and Third Amended counterclaims are insufficiently pled to state legally claims and therefore each should be dismissed.

                                      Respectfully submitted,

                                      LERNER, DAVID, LITTENBERG,
                                       KRUMHOLZ & MENTLIK, LLP
                                    *Attorneys for Plaintiff Word Ape,*
                                      *LLC d/b/a ChomChom Roller*

Dated: November 29, 2021        By:   s/ Aaron S. Eckenthal
                                                  Aaron S. Eckenthal
                                                  Tel:   908.654.5000
                                                  E-mail:aeckenthal@lernerdavid.com
                                                  litigation@lernerdavid.com

**OF COUNSEL**
Lance G. Johnson
(Admitted *pro hac vice*)
JOHNSON LEGAL PLLC
12545 White Drive
Fairfax, VA 22030
Tel:   202.445.2000
E-mail:Docketing@lgjlegal.com